UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLKSWAGEN OF AMERICA, INC., | Case No. 2:13-CV-00802-JAM-EFB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| MAVERICK AUTO GROUP 2, LLC dba VOLKSWAGEN OF FAIRFIELD and RAHIM HASSANALLY, | |
| Defendants. | |

This matter is before the Court on Plaintiff Volkswagen of America, Inc.'s ("Plaintiff") Motion for Judgment on the Pleadings (Doc. #11) against Defendants Maverick Auto Group 2, LLC dba Volkswagen of Fairfield ("Defendant Fairfield") and Rahim Hassanally ("Defendant Hassanally")(collectively "Defendants") on Plaintiff's Complaint (Doc. #1). Defendants oppose the motion ("Opposition") (Doc. #12).[1] Plaintiff filed a Reply to the Opposition (Doc. #13). For the following reasons, Plaintiff's motion is DENIED.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the exclusive distributor of Volkswagen of America vehicles within the United States. On January 12, 2011,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for September 25, 2013.

Plaintiff and Defendant Fairfield entered into a Volkswagen Dealer Agreement ("Dealer Agreement") authorizing Defendant Fairfield as a Volkswagen of America Dealer.  As part of the Dealer Agreement, Defendant Fairfield agreed to construct a new or renovated Volkswagen dealership facility by January 12, 2013, that complied in full with all of Plaintiff's requirements for a "White Frame Facility."  The Dealer Agreement further provided for a $600,000 capital contribution from Plaintiff to Defendant Fairfield. Defendants allege that Plaintiff also made representations to Defendants that the Volkswagen dealership in Napa, California would be moved to a location outside Defendant Fairfield's marketing area.  Defendants further allege that Plaintiff made representations that Defendant Fairfield would be receiving an increased allocation of inventory from Plaintiff.  Defendants allege that these oral representations were part of the January 12, 2011 agreement between Plaintiff and Defendants.

Also on January 12, 2011, Defendant Hassanally entered into a personal guarantee ("Guarantee") in which he agreed to be liable to Plaintiff for all indebtedness of Defendant Fairfield to Plaintiff arising out of the Dealer Agreement.

On February 9, 2012, Plaintiff sent Defendants a letter reminding them of the upcoming construction deadlines and the need to meet those deadlines or face repayment of the capital contribution.  On March 20, 2012, Plaintiff sent Defendants a letter informing them that Defendant Fairfield was in breach of the Dealer Agreement due to its failure to meet the interim construction deadlines set forth in the agreement.  In this same letter, Plaintiff agreed to extend two of the interim construction

2

deadlines to accommodate Defendants' needs.  On September 5, 2012, Plaintiff sent Defendants a letter in which it granted Defendant Fairfield a one-time extension of the final deadline to complete construction of the new facility, now requiring that construction be completed by June 12, 2013.  On October 17, 2012, Plaintiff sent Defendants a letter in which Plaintiff expressed concern over Defendant Fairfield's lack of progress towards completion of the new facility.  Plaintiff also expressed its position that continued lack of progress would constitute an anticipatory breach of the Dealer Agreement by Defendant Fairfield.

On February 20, 2013, Plaintiff sent Defendants a letter requesting adequate assurances that construction of a White Frame compliant facility would be completed by June 12, 2013.  On March 6, 2013, Defendant Fairfield responded to Plaintiff's February 20th letter.  In this letter, Defendant Fairfield maintained that Plaintiff had made representations to Defendants about its plans to relocate the Napa dealership outside of the Fairfield marketing area, and that the amount of inventory allocated to Defendants' dealership would be increased.  Defendant Fairfield's March 6th letter also noted the existence of California Vehicle Code Section 11713.13, which makes it unlawful for vehicle distributors to make unreasonable demands on dealers.  Finally, this letter asked Plaintiff for an additional extension of the June 12, 2013 construction deadline.

On March 14, 2013, Plaintiff responded to Defendant's letter, informing Defendant Fairfield that it had failed to provide adequate assurances, and giving it until March 25, 2013 to do so. On March 22, 2013, Defendants sent Plaintiff a letter, asking for

3

more time and reiterating its arguments regarding the closure of the Napa dealership and increased vehicle allocation issues. On April 1, 2013, Plaintiff sent Defendants a letter, demanding immediate repayment of the $600,000 capital contribution. Defendants have not repaid the $600,000 to Plaintiff.

On April 24, 2013, Plaintiff filed the Complaint (Doc. #1) in this Court. Plaintiffs' Complaint includes the following causes of action: (1) Breach of Contract against Defendant Fairfield; and (2) Breach of Guarantee against Defendant Hassanally.

This Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

## II.  OPINION

### A.  Legal Standard

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Lorbeer v. Am. Tel. & Tel. Co., 958 F.2d 377 (9th Cir. 1992). Therefore, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat

1  recovery." Gen. Conference Corp. of Seventh-Day Adventists v.
2  Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th
3  Cir. 1989).
4     In considering a motion under Rule 12(c), a court must
5  generally limit its review to the pleadings themselves. Hal Roach
6  Studios, 896 F.2d at 1542. However, "documents attached to the
7  complaint and incorporated by reference are treated as part of the
8  complaint, not extrinsic evidence" and, thus, may be considered in
9  a Rule 12(c) motion. Summit Media LLC v. City of L.A., CA, 530 F.
10 Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing Voest-Alpine Trading
11 USA Corp. v. Bank of China, 142 F.3d 887, 891 n.4 (5th Cir. 1998)).
12 Extrinsic evidence that is subject to judicial notice may be
13 properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc.
14 v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).
15     B.   Discussion
16          1.   First Cause of Action
17     Plaintiff argues that it is entitled to judgment on the
18 pleadings on its first cause of action, a breach of contract claim
19 against Defendant Fairfield. Plaintiff claims that the breach of
20 contract action "only requires the Court to interpret the effect of
21 the contract's undisputed terms." Mot. at 8 (citing JMP Sec. LLP
22 v. Altair Nanotechnologies Inc., 880 F. Supp. 2d 1029, 1038 (N.D.
23 Cal. 2012)). Plaintiff further argues that it is undisputed that
24 Defendant repudiated the contract by failing to give adequate
25 assurances to Plaintiff. Defendants argue that their Answer (Doc.
26 #8) "raises several issues of fact and affirmative defenses which,
27 if proved would defeat Plaintiff's recovery." Opp. at 4.
28 Specifically, Defendants maintain that Plaintiff failed to fulfill

several material terms of the agreement between Plaintiff and Defendant. Furthermore, Defendants argue that their affirmative defenses raise material issues of fact and therefore preclude judgment on the pleadings. Finally, Defendants argue that a provision of the California Vehicle Code restricts Plaintiff and incorporates a "reasonableness" standard that is unsuitable for judgment on the pleadings.

     a. <u>Material Terms of Contract</u>

  Plaintiff first argues that that the breach of contract claim against Defendant Fairfield "rests on the four corners" of the written contract between Plaintiff and Defendants, and is therefore amenable to judgment on the pleadings. Mot. at 7. Plaintiff cites a case from the Northern District of California for the proposition that judgment on the pleadings is proper when the Court must only "interpret the effect of [a] contract's undisputed terms." <u>JMP Sec. LLP v. Altair Nanotechnologies Inc.</u>, 880 F. Supp. 2d 1029, 1038 (N.D. Cal. 2012). However, this case has only minimal relevance to the case at hand. Unlike <u>JMP v. Altair</u>, this case does not merely require the interpretation of a contract's "undisputed terms." <u>Id.</u> Rather, Defendants dispute the material terms of the contract. Namely, Defendants have alleged that Plaintiff's "relocation of the Napa dealership and the increased vehicle allocation" to Defendants' dealership were both material terms of the agreement. Opp. at 5. Accordingly, Defendants have raised a material issue of fact with regard to the breach of contract claim.

  Although the written agreement between Plaintiff and Defendants included an integration clause, this clause would not

necessarily exclude evidence that the agreement included additional material terms. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859 (9th Cir. 1995) (holding that the "inclusion of an integration clause in the written contract is but one factor" in determining the admissibility of parol evidence); Enrico Farms, Inc. v. H. J. Heinz Co., 629 F.2d 1304, 1306 (9th Cir. 1980) ("an integration clause in the written agreement is not necessarily conclusive as to the parties' intent to include their entire agreement in writing").  As long as the additional terms agreed upon do not contradict the terms of the written agreement, such parol evidence may still be admissible.  Furthermore, when performance of a contract is contingent upon the occurrence of a condition precedent, the parol evidence rule does not bar the consideration of extrinsic evidence in interpreting the contract. Jewel Companies, Inc. v. Pay Less Drug Stores Nw., Inc., 741 F.2d 1555, 1565-66 (9th Cir. 1984). Thus, Defendants' allegations that the agreement included additional material terms not included in the written contract, or that the agreement itself was conditioned on the occurrence of extrinsic events, precludes judgment on the pleadings.

Plaintiff's motion largely focuses on Defendants' failure to provide adequate assurances in response to Plaintiff's demand letters.  However, Defendants' failure to provide adequate assurances is inconsequential if Plaintiff did not perform its material obligations under the contract. Wall St. Network, Ltd. v. New York Times Co., 164 Cal.App.4th 1171, 1178 (2008) (holding that the essential elements of a breach of contract claim include either "plaintiff's performance or excuse for nonperformance").  As Defendants have alleged that Plaintiff failed to perform the

7

1  material terms of the contract, Plaintiff is not entitled to
2  judgment on the pleadings for its breach of contract claim against
3  Defendant Fairfield.
4      Furthermore, California Commercial Code section 2609(1)
5  provides that a demand for adequate assurances of performance may
6  only be made "[w]hen reasonable grounds for insecurity arise with
7  respect to the performance [of the contract.]"  Cal. Com. Code
8  § 2609.  Although the issue of whether reasonable grounds for
9  insecurity exist may be resolved as a matter of law if a party's
10 "conduct [is] sufficiently extreme," it generally remains a factual
11 question.  Trust Co. for USL, Inc. v. Wein Air Alaska, Inc., 114
12 F.3d 1196 (9th Cir. 1997); West v. State Farm Fire & Cas. Co., 868
13 F.2d 348, 350-51 (9th Cir. 1989) (string citing cases which treat
14 reasonableness inquiries as "generally issues of fact").  However,
15 the Court need not reach this issue because, as discussed above,
16 Defendants have alleged that Plaintiff failed to perform several
17 material terms of the contract.
18           b.   Affirmative Defenses
19     Defendants also argue that they have raised material issues of
20 fact by pleading affirmative defenses in the Answer (Doc #8).  The
21 Ninth Circuit has determined that "if the defendant raises an
22 affirmative defense in his answer it will usually bar judgment on
23 the pleadings."  Gen. Conference Corp. of Seventh-Day Adventists v.
24 Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th
25 Cir. 1989).  Defendants assert thirteen affirmative defenses in the
26 Answer.  Most notably, Defendants' Fourth Affirmative Defense
27 alleges that the acts or omissions of the Plaintiff are the sole
28 proximate cause of the damages referred to in the Complaint.

Answer at 7. Specifically, Defendants argue that "representations made by [Plaintiff] to Defendants concerning the relocation of the Volkswagen dealership in Napa and the amount of inventory that Fairfield would be receiving" were the proximate cause of Plaintiff's damages. Opp. at 7. These allegations are incorporated into the pleadings through the March 6, 2013 letter from Defendants' counsel to Plaintiff, attached as an exhibit to the Complaint. Ex. G, attached to the Complaint, Doc. #1. Accordingly, the allegations raised by Defendants' Fourth Affirmative Defense raise a material issue of fact, precluding judgment on the pleadings.

### c. Statutory Reasonableness Standard

Finally, Defendants argue that the California Vehicle Code imposes restrictions on distributors such as Plaintiff. Specifically, section 11713.13 of the Code makes it unlawful for a distributor to "[r]equire, by contract or otherwise, a dealer to make a material alteration, expansion, or addition to any dealership facility unless the required alteration, expansion, or addition is reasonable in light of existing circumstances, including economic conditions." Cal. Vehicle Code § 11713.13(c). Defendants argue that the application of this reasonableness standard cannot be addressed by a motion for judgment on the pleadings, presumably because it presents a question of fact. Plaintiff argues in its Reply that the enforcement of the California Vehicle Code is "not an issue properly before the Court," as Plaintiff is "simply seeking repayment of its $600,000." Reply at 3.

Notably, Defendants fail to draw any connection between the

alleged statutory violation and the contract at hand.  Defendants appear to be arguing that a violation of section 11713.13 would render the Dealer Agreement void and unenforceable.  However, Defendants cite no authority for the proposition that a contract in violation of section 11713.13 of the California Vehicle Code is unenforceable, or that such a statutory violation is a valid defense to a breach of contract claim.

The Ninth Circuit has held that a contract which violates a licensing statute is nevertheless valid, in the absence of a clear indication of legislative intent to void such contracts.  <u>Macco Const. Co. v. Farr</u>, 137 F.2d 52, 55 (9th Cir. 1943) (holding that "where the violation of a licensing statute . . . does not endanger the public health or morals . . . and [there is] no declaration that a contract in relation thereto is void or its enforcement prohibited, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear implication").

In this case, Defendants claim that Plaintiff has violated section 11713.13, which falls under a division of the California Vehicle Code governing the issuance of licenses to manufacturers, transporters, and dealers of motor vehicles.  This provision of the California Vehicle Code is a licensing statute, and Defendants fail to show any legislative intent that contracts in violation thereof are void.  <u>Id.</u>  Therefore, Defendants argument that the reasonableness standard contained in section 11713.13 creates a material issue of fact as to Plaintiff's breach of contract claim is misplaced.

Nevertheless, Defendants have raised issues of material fact

through (1) disputing the material terms of the agreement and (2) raising the affirmative defense that Plaintiff's acts or omissions were the sole proximate cause of the damages referenced in the Complaint.  Therefore, Plaintiff's motion for judgment on the pleadings with regard to the first cause of action is DENIED.

### 2. Second Cause of Action

Plaintiff argues that it is entitled to judgment on the pleadings for its second cause of action, a breach of guarantee claim against Defendant Hassanally.  Plaintiff maintains that Defendant Hassanally's signature on the Guarantee settles his obligation to repay the $600,000 capital contribution to Plaintiff upon Defendant Fairfield's failure to pay.  Ex. K, attached to Complaint (Doc. #1).  Defendants argue that Plaintiff is not entitled to judgment on the pleadings for its breach of guarantee claim because it is not entitled to judgment on the pleadings for its breach of contract claim.

As Defendants argue, Plaintiff has not established that Defendant Fairfield is liable to Plaintiff for breach of contract, and therefore there is no basis for finding Defendant Hassanally personally liable on the breach of guaranty claim.  Accordingly, Plaintiff's motion for judgment on the pleadings with regard to the second cause of action is DENIED.

## III. ORDER

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is DENIED

IT IS SO ORDERED.

Dated: November 20, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

11