UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VOLKSWAGEN OF AMERICA, INC.,

Plaintiff,

v.

MAVERICK AUTO GROUP 2, LLC dba VOLKSWAGEN OF FAIRFIELD and RAHIM HASSANALLY,

Defendants.

Case No. 2:13-CV-00802-JAM-EFB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Volkswagen of America, Inc.'s ("Plaintiff") Motion for Summary Judgment (Doc. #19). Defendants Maverick Auto Group 2, LLC dba Volkswagen of Fairfield ("Defendant Fairfield") and Rahim Hassanally ("Defendant Hassanally") (collectively "Defendants") oppose Plaintiff's motion (Doc. #21). Plaintiff filed a reply (Doc. #25). For the following reasons, Plaintiff's motion is GRANTED.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the exclusive distributor of Volkswagen of America vehicles within the United States. Defendants' Response to Plaintiff's Statement of Undisputed Facts ("DRSUF") ¶ 1. On

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for November 19, 2014.

January 12, 2011, Plaintiff and Defendant Fairfield entered into a Volkswagen Dealer Agreement (“Dealer Agreement”) authorizing Defendant Fairfield as a Volkswagen of America Dealer. DRSUF ¶ 2. As part of the Dealer Agreement, Defendant Fairfield agreed to construct a new or renovated Volkswagen dealership facility by January 12, 2013, that complied in full with all of Plaintiff’s requirements for a “White Frame Facility.” DRSUF ¶ 3. The Dealer Agreement further provided for a $600,000 Capital Contribution from Plaintiff to Defendant Fairfield. DRSUF ¶ 4. Defendants allege that Plaintiff also made oral representations to Defendants that the Volkswagen dealership in Napa, California would be moved to a location outside Defendant Fairfield’s marketing area. Defendants’ Statement of Undisputed Facts (“DSUF”) ¶ 1. Defendants further allege that Plaintiff made representations that Defendant Fairfield would be receiving an increased allocation of inventory from Plaintiff. DSUF ¶ 2. Defendants allege that these oral representations were part of the January 12, 2011 agreement between Plaintiff and Defendants. DSUF ¶¶ 1-2.

Also on January 12, 2011, Defendant Hassanally entered into a personal guarantee (“Guarantee”) in which he agreed to be liable to Plaintiff for all indebtedness of Defendant Fairfield to Plaintiff arising out of the Dealer Agreement. DRSUF ¶ 9.

On February 9, 2012, Plaintiff sent Defendants a letter reminding them of the upcoming construction deadlines and the need to meet those deadlines or face repayment of the Capital Contribution. DRSUF ¶ 11. On March 20, 2012, Plaintiff sent Defendants a letter informing them that Defendant Fairfield was in

breach of the Dealer Agreement due to its failure to meet the interim construction deadlines set forth in the agreement. DRSUF ¶ 13. In this same letter, Plaintiff agreed to extend two of the interim construction deadlines to accommodate Defendants' needs. DRSUF ¶ 14. On September 5, 2012, Plaintiff sent Defendants a letter in which it granted Defendant Fairfield a one-time extension of the final deadline to complete construction of the new facility, now requiring that construction be completed by June 12, 2013. DRSUF ¶ 16. On October 17, 2012, Plaintiff sent Defendants a letter in which Plaintiff expressed concern over Defendant Fairfield's lack of progress towards completion of the new facility. DRSUF ¶ 19. Plaintiff also expressed its position that continued lack of progress would constitute an anticipatory breach of the Dealer Agreement by Defendant Fairfield. DRSUF ¶ 19.

On February 20, 2013, Plaintiff sent Defendants a letter requesting adequate assurances that construction of a White Frame compliant facility would be completed by June 12, 2013. DRSUF ¶ 21. On March 6, 2013, Defendant Fairfield responded to Plaintiff's February 20th letter. DRSUF ¶ 22. In this letter, Defendant Fairfield maintained that Plaintiff had made oral representations to Defendants about its plans to relocate the Napa dealership outside of the Fairfield marketing area, and that the amount of inventory allocated to Defendants' dealership would be increased. DRSUF ¶ 23.

On March 14, 2013, Plaintiff responded to Defendants' letter, informing Defendant Fairfield that it had failed to provide adequate assurances, and giving it until March 25, 2013 to do so. DRSUF ¶ 25. On March 22, 2013, Defendants sent Plaintiff a letter,

asking for more time and reiterating their position regarding the relocation of the Napa dealership and increased vehicle allocation issues. DRSUF ¶¶ 26-27. On April 1, 2013, Plaintiff sent Defendants a letter, demanding immediate repayment of the $600,000 Capital Contribution. DRSUF ¶ 28. Defendants have not repaid the $600,000 to Plaintiff. DRSUF ¶ 29.

On April 24, 2013, Plaintiff filed the Complaint (Doc. #1) in this Court. Plaintiffs' Complaint includes the following causes of action: (1) Breach of Contract against Defendant Fairfield; and (2) Breach of Guarantee against Defendant Hassanally.

## II. OPINION

### A. Defendants' Late-filed Opposition

As discussed in the Court's November 14, 2014 minute order (Doc. #22), Defendants' opposition was filed eight days late. Defendants filed a response (Doc. #24) to the Court's minute order, attempting to explain the tardiness of their filing. Because the Court prefers to adjudicate cases on their merits, the Court finds that Defendants have, barely, met the standard for excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure ("FRCP"). The Court will consider Defendants' late-filed opposition and the supporting documents.

### B. Analysis

The parties' sole dispute revolves around the two oral promises allegedly made by Plaintiff to Defendants prior to the execution of the written agreement. First, Defendants contend that Plaintiff agreed to move a Volkswagen dealership from Napa, CA to an alternate location. Second, Defendants maintain that Plaintiff

promised to increase the number of vehicles allocated to Defendants' dealership. Plaintiff argues that any evidence of these alleged oral promises is inadmissible because the Dealer Agreement contained a merger clause, and because the oral promises are fundamentally inconsistent with the terms of the written contract. Mot. at 12, 17. Defendants respond that the merger clause does not bar Court's consideration of the collateral oral terms. Opp. at 7.

California law restricts the admissibility of parol evidence where a written contract exists. Specifically, the parol evidence rule provides that terms "set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Cal. Civ. Proc. Code § 1856(a). The Ninth Circuit has noted that "the parties' inclusion of an integration clause in the written contract is but one factor" in determining the admissibility of parol evidence. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859 (9th Cir. 1995). Nevertheless, "an integration or merger clause is persuasive evidence of full integration." Cent. Coast Pipe Lining, Inc. v. Pipe Shield USA, Inc., 2013 WL 6442603 at *4 (C.D. Cal. Dec. 9, 2013).

The Agreement contains such a merger clause, which provides as follows: "This instrument contains the entire agreement between the parties. No representations or statements other than those expressly set forth or referred to herein were made or relied upon in entering into this Agreement." Collins Dec., Ex. 1, Standard Provisions, Article 17(4). This clause is "persuasive evidence"

that the Agreement was fully integrated, and that no parol evidence may be considered by the Court. Cent. Coast Pipe Lining, 2013 WL 6442603 at *4.

However, as noted by the Court in its November 20, 2013 Order, the analysis does not end here. Rather, the Court must consider the nature of the alleged collateral terms, and "determine whether the parties intended [them] to be a part of their bargain." Gerdlund v. Elec. Dispensers Int'l, 190 Cal.App.3d 263, 271 (1987). Importantly, "proof of a collateral agreement which contradicts an express provision of the written agreement" is never admissible, as "it cannot reasonably be presumed that the parties intended to integrate two directly contradictory terms in the same agreement." Gerlund, 190 Cal.App.3d at 271. Therefore, the overarching rule is that parol evidence may admitted only "to prove the existence of a separate oral agreement as to any matter . . . which is not inconsistent with [the written agreement's] terms." Gerlund, 190 Cal.App.3d at 271.

The Dealer Agreement provides that "Dealer shall repay the entire $600,000 Capital Contribution to VWoA, immediately upon written notice from VWoA, if for any reason Dealer fails to comply in full with the Construction Deadlines, or the White Frame Commencement Date fails to occur by the deadline[.]" Collins Dec., Ex. 1, Addendum at 6(b). Plaintiff argues that this "for any reason" language is fundamentally inconsistent with the collateral terms allegedly agreed upon by the parties. Specifically, Plaintiff argues that "the plain language of the agreement makes repayment contingent upon the timely building of the White Frame Facility" and the unconditional nature of the "for any reason"

language forecloses the existence of additional obligations by Plaintiff, such as the relocation of the Napa dealership, or an increased vehicle allocation to Defendants. Mot. at 21. Inexplicably, Defendants do not address this argument in their opposition.

The Court concludes that the "for any reason" language of the written agreement is wholly incompatible with the oral terms alleged by Defendants. If the parties intended Defendants' repayment of the Capital Contribution to be excused by Plaintiff's failure to relocate the Napa dealership, or by Plaintiff's failure to effect an increased vehicle allocation to Defendants' dealership, they would not have included the written provision quoted above. The clear and unambiguous meaning of "for any reason" is that Defendants' failure to comply with the applicable deadlines would result in the unconditional repayment of the Capital Contribution. Because the proffered parol evidence is "inconsistent with [the Agreement's] terms," its admissibility is statutorily barred. Gerlund, 190 Cal.App.3d at 271; Cal. Civ. Proc. Code § 1856(a).

Defendants' reliance on the Court's November 20, 2013 Order, which denied Plaintiff's motion for judgment on the pleadings, is unavailing. Included in this Order was a discussion of the parol evidence rule, as well as the following conclusion: "Although the written agreement between Plaintiff and Defendants included an integration clause, this clause would not necessarily exclude evidence that the agreement included additional material terms. . . . As long as the additional terms agreed upon do not contradict the terms of the written agreement, such parol evidence

may still be admissible." Order at 7. Defendants' argument to the contrary notwithstanding, this Order does not control the issue presently before the Court. Opp. at 8. It was far from a definitive statement that the Court would consider the alleged oral agreement: rather, it was an invitation for Defendants to develop – through discovery – evidence of additional oral terms *which did not contradict the written agreement*. As discussed above, Defendants have failed to present such evidence.

The inadmissibility of Defendants' proposed parol evidence is dispositive on both of Plaintiff's claims. Notably, Defendants do not dispute any of the 29 facts set forth in Plaintiff's separate statement of undisputed facts. See generally, DRSUF. It is undisputed that Plaintiff requested adequate assurances from Defendants, pursuant to California Commercial Code § 2609, due to Defendants' lack of progress towards complying with its facility obligations. DRSUF ¶ 21. It is similarly undisputed that Defendant Fairfield's response "did not state that Fairfield would construct the White Frame compliant facility by the extended deadline." DRSUF ¶ 24. After Defendants failed to provide adequate assurances that it would comply with the extended deadline, Plaintiff demanded repayment of the $600,000 Capital Contribution, pursuant to the terms of the Agreement. DRSUF ¶ 28. Defendant Fairfield's failure to repay the Capital Contribution is in violation of the Dealer Agreement, and Defendant Fairfield has breached the contract. Accordingly, Plaintiff's motion for summary judgment on its first cause of action for breach of contract against Defendant Fairfield is GRANTED.

Similarly, it is undisputed that Defendant Hassanally signed a

personal guarantee, in which he agreed to be "liable to VWoA for all indebtedness of Fairfield to VWoA arising out of [the Dealer Agreement]." DRSUF ¶9. Defendant Hassanally's failure to pay Plaintiff the amount owed by Defendant Fairfield is a breach of that guarantee. Accordingly, Plaintiff's motion for summary judgment on its second cause of action for breach of guarantee against Defendant Hassanally is GRANTED.

III. ORDER

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: December 10, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE